IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 24-10456 JCM |
| | : | |
| MELVIN EUGENE FULLER AND | : | HONORABLE JOHN C. MELARAGNO |
| TAMARA LYNN FULLER, | : | |
|     Debtors. | : | CHAPTER 13 |
| | : | |
| HAMLIN BANK & TRUST COMPANY, | : | ADVERSARY PROCEEDING NO.: |
|     Plaintiff | : | |
| | : | |
|     vs. | : | |
| | : | |
| MELVIN EUGENE FULLER, | : | |
|     Defendant | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT PURSUANT TO 11 U.S.C. §523(a)(2)**

AND NOW, comes the Plaintiff, Hamlin Bank & Trust Company, by and through its attorneys, the Quinn Law Firm, and files this Complaint to Determine Dischargeability of Debt Pursuant Under 11 U.S.C. §523(a)(2), of which the following is a statement:

**PARTIES**

1.  The Plaintiff, Hamlin Bank & Trust Company, (hereinafter "Plaintiff"") is a banking institution with a principal place of business located at 333 West Main Street, Smethport, PA 16749.  The Plaintiff is represented by Michael S. Jan Janin, Esquire and the Quinn Law Firm, 2222 West Grandview Boulevard, Erie, PA 16506.

2.  The Defendant, Melvin Eugene Fuller, (hereinafter "Defendant") is an individual believed to be residing at 44 Fuller Lane, Port Allegany, PA 16743.  The Defendant is represented by Tina M. Fryling, Esquire, 4402 Peach Street, #3, Erie, PA 16509.

1676775

3.     The Debtors, Melvin Eugene Fuller and Tamara Lynn Fuller (hereinafter "Debtors"), are individuals believed to be residing at 44 Fuller Lane, Port Allegany, PA 16743.  The Debtors are represented by Tina M. Fryling, Esquire, 4402 Peach Street, #3, Erie, PA 16509.

4.     Ronda J. Winnecour, Esquire, (hereinafter "Trustee") is the duly-appointed Chapter 13 Trustee and maintains a principal place of business located at Suite 3250, USX Tower, 600 Grant Street, Pittsburgh, PA 15219.

## JURISDICTION AND VENUE

5.     On or about August 5, 2024, the Debtors filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division, at Case No. 24-10456 JCM.

6.     This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1334.

7.     This Court has venue over this proceeding pursuant to the provisions of 28 U.S.C. §1409.

8.     This is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2).

9.     This Complaint is filed pursuant to the provisions of 11 U.S.C. §523(a)(2).

## NOTE AND SECURITY AGREEMENT

10.    On or about July 17, 2024, the Plaintiff as "Lender" and the Defendant as "Borrower" entered into a Consumer Loan Agreement in the amount of $4,650.83 with 24 equal monthly payments in the amount of $218.94 beginning August 17, 2024 with interest at the rate of 11.971% per annum.  A copy of the

Consumer Loan Agreement is attached hereto made a part hereof and marked as Exhibit A.

## PAYOFF

11. The current payoff owed by the Defendant, Melvin Eugene Fuller, to the Plaintiff, which is in default, is $4,392.79.

## COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(2)

12. The Debtor, Melvin Fuller, filed for bankruptcy on August 5, 2024 just 19 days after taking out the Consumer Loan Agreement and before the first payment even became due on August 14, 2024.

13. The Defendant obtained money from the Plaintiff by false pretenses, a false representation of actual fraud.

14. Furthermore, pursuant to 11 U.S.C. §523(a)(2)(C), there is a presumption that the debt is non-dischargeable because it is for more than $675.00 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief and/or it constitutes a cash advance aggregating more than $950.00 on or within 70 days before the order for relief.

15. The Defendant never made a single payment on the Consumer Loan Agreement.

16. The Defendant took out the loan on the eve of bankruptcy.

17. Accordingly, the Plaintiff requests that the debt owed by the Defendant in the amount of $4,392.79 be determined to be non-dischargeable.

## CHAPTER 13 PETITION

18. The Debtor listed the debt owed to the Plaintiff on Schedule F as an unsecured debt.

## **CHAPTER 13 PLAN**

19. The Debtor filed a Chapter 13 Plan which proposes to pay 0% to general, unsecured creditors.

WHEREFORE, the Plaintiff, Hamlin Bank & Trust Company, respectfully requests that this Honorable Court enter an Order determining that the debt owed by Melvin Eugene Fuller, in the amount of $4,392.79 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2) of the United States Bankruptcy Code and grant such other relief this Court deems appropriate.

Respectfully submitted,

THE QUINN LAW FIRM

By    /s/ Michael S. Jan Janin
Michael S. Jan Janin, Esq.
Pa. I.D. No. 38880
2222 West Grandview Boulevard
Erie, PA 16506-4508
Phone: (814) 833-2222, Ext. 1045
Fax: (814) 833-6753
Email: mjanjanin@quinnfirm.com
Attorneys for Plaintiff, Hamlin Bank & Trust Company